*30 Vroom.*                    Oxx v. State.

---

CHARLES OXX v. THE STATE OF NEW JERSEY.

59   99
65   625

1. There is sufficient averment of the pretence and its falsity, and that the complainants were induced to part with their money by relying on the false pretence.
2. The indictment is good, although the false pretence charged may be such that a person of ordinary prudence and caution would not be deceived by it.

Oxx v. State.    *59 N. J. L.*

On *certiorari* to Monmouth Quarter Sessions.

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *E. W. Arrowsmith* and *Nevius & Wilson.*

For the state, *Charles W. Ivins,* prosecutor of the pleas.

The opinion of the court was delivered by

VAN SYCKEL, J.  The prosecutor moves to quash an indictment which he has procured to be certified from the Monmouth Sessions into this court.

The alleged defects in the indictment, so far as it is deemed necessary to consider them, are as follows:

The first ground relied upon to quash is that there is no specific averment in the indictment that the pretences charged are false.

It will be admitted that in the absence of such averment the indictment would be fatally infirm, but in this case the indictment sufficiently alleges the pretence and its falsity.

It sets forth the intent to cheat; that the defendant falsely and designedly pretended that he would deliver $2,000 for $200; that the complainants paid the defendant $200 for the box in which he represented there was the sum of $2,000, and that the said box contained only the sum of $1, as the defendant well knew, and that defendant, by means of such false pretence, unlawfully, knowingly and designedly obtained $200 lawful money from the complainants, with intent to cheat and defraud them.

This is a sufficient allegation of the pretence and its falsity.

The second ground relied upon by prosecutor, that there is no averment that the complainants were induced to part with their money by relying on the false pretences, is equally without merit.  It is distinctly averred that the $200 were obtained by means of the false pretences.

The third alleged infirmity in the indictment is that the

false pretence charged is such that a person of ordinary pru-
dence and caution would not be deceived by it. To this it is
a sufficient answer that it is of common knowledge that
many persons have been deluded by a like artifice. Laws
are made to protect weak-minded and credulous as well as
sagacious persons. The wise and wary can protect themselves.

The writ should be dismissed, with costs.